PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID C. LETNER, ) | |
| ) | CASE NO. 4:22 CV 00404 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| WARDEN MARK WILLIAMS, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*Pro se* plaintiff David C. Letner, an inmate currently incarcerated at Federal Correctional Institution, Elkton ("FCI Elkton"), filed this action against Warden Mark Williams.

The complaint (ECF No. 1) is difficult to comprehend. Plaintiff filed this action under 42 U.S.C. § 1983, yet Plaintiff states that "this motion is also to be filed [as a] writ of habeas corpus." ECF No. 1 at PageID #: 1. Plaintiff lists two previous case numbers (4:20-cv-00794 and 4:20-cv-1592) in the caption of the complaint and indicates in the body of the complaint that "this is [his] final letter to the court in pursuant of a conclusion of additional documents." *Id*. The complaint consists of letters, inmate requests, medical records, documents from the United States Court of Federal Claims, and a copy of the Court's Order in *Letner v. Warden Mark Williams*, No. 4:20-cv-1592 (N.D. Ohio), dismissing the case as duplicative of the previously filed *habeas corpus* petition, *Wilson, et al. v. Williams, et al.*, No. 4:20-cv-00794 (N.D. Ohio). (*See* ECF No. 1-3 at PageID #: 14).

Plaintiff alleges in this complaint that the inmate population at FCI Elkton has experienced physical and mental health issues due to lack of physical exercise during lockdown.

4:22CV0404

(*Id.*). Plaintiff, however, fails to identify a legal claim or include a request for relief. It is therefore not entirely clear that Plaintiff intended to file a new cause of action with this "final letter."

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers

22CV404

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff does not set forth allegations reasonably suggesting that he has any plausible federal civil claim on which relief may be granted. To meet minimum pleading requirements, the complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). Although the Court construes *pro se* pleadings more liberally than those drafted by attorneys, the Court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. See *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint (ECF No. 1) fails to meet basic pleading requirements and fails to state any claim against the defendant that is plausible on its face. Without a federal legal claim, jurisdiction cannot be based on a federal question.

Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| May 11, 2022 | *Benita Y. Pearson /s/* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |